UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-10274-MWC-JC | Date: January 5, 2026 |
| Title:  Jeanneth Franco v. Costco Wholesale Corporation *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order DENYING Plaintiff's Motion to Remand (Dkt. [10])**

Before the Court is Plaintiff Jeanneth Franco's ("Plaintiff") motion to remand.  *See* Dkt. # 10 ("*Mot.*").  Defendant Costco Wholesale Corporation ("Defendant") opposed, *see* Dkt. # 12 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 16 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court **DENIES** Plaintiff's motion to remand.

I.  Background

On August 9, 2024, Plaintiff filed an action against Defendant in Los Angeles County Superior Court.  *See* Dkt. # 1 ("*NOR*") ¶ 1.  On April 2, 2025, Plaintiff served Defendant with a summons, complaint, and statement of damages.  *See id.* ¶ 2; *Mot.* 2.  The statement of damages set forth Plaintiff's general damages as $5,000,000.  *See Mot.* 2.  On April 17, 2025, Defendant served its answer to the complaint.  *See NOR* ¶ 3; *Mot.* 2.  Along with Defendant's answer, on April 17, 2025, Defendant served initial written discovery on Plaintiff.  *See NOR* ¶ 6.  Plaintiff's deadline to respond to that discovery was May 20, 2025, *see Opp.* 2, but Plaintiff waited until after her deadline had passed to request an extension.  *See id.*  Defendant granted Plaintiff multiple extensions, giving Plaintiff until June 20, 2025, to serve her responses.  *See id.*  When Plaintiff had not served the discovery responses by June 27, 2025, Defendant filed discovery motions to compel Plaintiff's responses.  *See id.* 3.  The first available hearing date for the motions to compel was January 30, 2026, and Plaintiff ultimately served her discovery responses on October 7, 2025.  *See id.*  Those discovery responses included an admission that Plaintiff was a citizen of California.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-10274-MWC-JC     Date: January 5, 2026

Title: Jeanneth Franco v. Costco Wholesale Corporation *et al.*

*NOR* ¶ 8. Defendant removed the action to this Court on October 24, 2025. *See generally id.*

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). "[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)). Diversity cases "cannot be removed 'more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10274-MWC-JC                                                     Date: January 5, 2026

Title:   Jeanneth Franco v. Costco Wholesale Corporation *et al.*

1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'" *Escalante v. Burlington Nat. Indem., Ltd.*, No. 2:14-CV-7237-ODW (JPRx), 2014 WL 6670002, at *2 (C.D. Cal. Nov. 24, 2014) (quoting 28 U.S.C. § 1446(c)(1)). "Under California law, an action commences as of the date it was filed." *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1469 (C.D. Cal. 1989) (citing Cal. Code Civ. Proc. § 350). Defendant bears the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

III.   Discussion

Plaintiff first argues that its statement of damages constitutes an "other paper" that triggers the 30-day removal deadline. The Court finds that Plaintiff's statement of damages, served April 2, 2025, put Defendant on notice on that the amount in controversy exceeded $75,000. A statement of damages qualifies as an "other paper." *See Hernandez v. PetSmart, LLC*, No. ED CV 23-0327 FMO (SHKx), 2023 WL 3224963, at *2 (C.D. Cal. May 2, 2023). Here, the statement of damages listed general damages of $5,000,000, far exceeding for the $75,000 threshold for diversity jurisdiction. *See* Dkt. # 10-4, 1.

Since Defendant had notice of the amount-in-controversy, the Court must examine whether Defendant also had sufficient notice of Plaintiff's citizenship to make its removal untimely. Plaintiff contends that Defendant knew of Plaintiff's citizenship long before Plaintiff's October 7, 2025, discovery responses, since evidence of Plaintiff's citizenship was available in Defendant's records. *See Mot.* 4–5, 9. Plaintiff notes that Defendant "is a unique entity that requires its guests to apply for membership," which includes "fill[ing] out an application and list[ing] their address with" Defendant. *See id.* 4. Plaintiff also identifies that "[a]t the time of the incident, [Defendant] also followed a rigid process of getting the plaintiff to fill out an incident report of what happened. That document also required the Plaintiff to reveal her address. She did just that and stated she lived in Northridge, CA." *See id.* 4–5.

Plaintiff's argument on Defendant's knowledge of her citizenship suffers from two defects, one of which is dispositive on this question. First, "[a]s the Ninth Circuit has repeatedly stated, 'residency is not equivalent to citizenship.'" *Sanders v. Kia Am., Inc.*, No. 8:23-cv-00486-JVS(KESx), 2023 WL 3974966, at *3 (C.D. Cal. June 13, 2023)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10274-MWC-JC                                                       Date: January 5, 2026

Title:  Jeanneth Franco v. Costco Wholesale Corporation *et al.*

(quoting *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019)).  Still, "[a] person's residence can be *prima facie* evidence of citizenship."  *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11–09411 SJO (CWx), 2012 WL 280585, at *1 (C.D. Cal. Jan. 30, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Even though Plaintiff's contention that Defendant was familiar with her residency does not conclusively establish that Defendant knew of Plaintiff's citizenship, it is possible that knowledge of Plaintiff's residence—especially over time—could have put Defendant on notice.  *Cf. CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1091 n.38 (C.D. 2015) (stating that "[a]llegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state").

Even assuming *arguendo* that knowledge of Plaintiff's residence alone is enough for Defendant to have known Plaintiff's citizenship, Plaintiff misconstrues how Defendant must learn this information under 28 U.S.C. § 1446.  The removal statute contemplates that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after *receipt* by the defendant, through *service or otherwise*, of a[n] . . . other paper from which it may first be ascertained that the case is" removable.  28 U.S.C. § 1446(b)(3) (emphasis added).  "Defendants [are] not obligated to make 'further inquiry' to investigate or otherwise determine Plaintiff's citizenship."  *Rubio v. CVS Pharmacy, Inc.*, No. EDCV 25-106-KK-DTBx, 2025 WL 732837, at *2 (C.D. Cal. Mar. 7, 2025) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  That is true even if Defendant has the requisite citizenship information in its own files.  *See Serv. Eng'g Grp., Inc. v. Colony Nat. Ins. Co.*, No. CV 09-9045-JFW (FFMx), 2010 WL 11597567, at *2 (C.D. Cal. Jan. 21, 2010).  Defendant first received service of an "other paper" putting it on notice of Plaintiff's citizenship on October 7, 2025, when Plaintiff admitted that she was a citizen of California in her discovery responses.  *See NOR* ¶ 8.  Accordingly, when considering 28 U.S.C. § 1446(b)(3) alone, Defendant's October 24, 2025, removal was timely.

But the Court cannot consider 28 U.S.C. § 1446(b)(3) in isolation—instead, it must examine whether Defendant's removal was also proper under 28 U.S.C. § 1446(c).  Because Plaintiff commenced the action on August 9, 2024, Defendant's October 24, 2025, removal did not fall within the one-year time limit of 28 U.S.C. § 1446(c).  Defendant thus can only prevent remand by showing that Plaintiff "has acted in bad faith in order to prevent" Defendant from removing the action.  28 U.S.C. § 1446(c)(1).  "The removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10274-MWC-JC                                                Date: January 5, 2026

Title:    Jeanneth Franco v. Costco Wholesale Corporation *et al.*

party bears the burden of demonstrating that the plaintiff has acted in bad faith, particularly given the strong presumption against removal." *Heller v. Am. States Ins. Co.*, No. CV 15-9771-DMG-(JPRx), 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016).

Defendant cites Plaintiff's delays in serving her complaint and discovery responses as evidence of her bad faith. A failure to serve defendants within a reasonable time period can be evidence of bad faith. *See Escalante*, 2014 WL 6670002, at *4 (noting that failure to serve defendants within a year "can be construed as bad faith"). The same is true of a plaintiff's failure to litigate, including the failure to participate in discovery. *See Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1197 (W.D. Wash. Feb. 10, 2020); *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016).

Defendant first highlights that Plaintiff commenced her action on August 9, 2024, but did not serve Defendant until April 2, 2025. *See Opp.* 7. Moreover, Defendant avers that its service information is "both publicly available and easily accessible," that "Plaintiff named the correct identity in her Complaint," and that "there is only one so named active entity on the California Secretary of State's business search website." *Id.* Plaintiff's counsel explains the delay by recounting that she "was still treating for her injuries at [the date of filing], and the strategic decision was made to hold off on service while the injured Plaintiff was continuing to treat." *See* Dkt. # 10-2 ("*First Dollison Decl.*") ¶ 3. Though the Court will not speculate as to what strategy Plaintiff had in mind, Mr. Dollison's statement confirms that Plaintiff's failure to serve Defendant was intentional rather than inadvertent. *See Composite Resources Inc. v. Recon Med. LLC*, No. 2:17-cv-01755-MMD-VCF, 2021 WL 8531855, at *1 (D. Nev. June 7, 2021) ("Inadvertence is not the same thing as willfulness or bad faith.").

Defendant also chronicles that it served discovery requests on Plaintiff April 17, 2025, after receiving service of the summons and complaint on April 2, 2025. *See Opp.* 7. Plaintiff, however, did not serve her responses to that discovery for more than five months, providing those responses eventually on October 7, 2025. *See id.* Defendant had already filed motions to compel Plaintiff's responses before Plaintiff provided them. *See id.* By the time that Defendant received Plaintiff's discovery responses, the one-year removal period for diversity cases had lapsed. Plaintiff's counsel attempts to explain this delay by recounting that he "had difficulty reaching the plaintiff so the process took longer than normal," and that he "served the responses as quickly as possible." *See* Dkt. # 16-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10274-MWC-JC                                    Date: January 5, 2026

Title:    Jeanneth Franco v. Costco Wholesale Corporation *et al.*

("*Second Dollison Decl.*") ¶ 7.  Plaintiff's counsel also emphasizes that Defendant had granted an extension for Plaintiff to respond.  *See id.* ¶ 6.

Because Plaintiff's explanations leave the Court wanting, it must find bad faith and deny remand accordingly.  First, the "strategy" underpinning Plaintiff's delay in serving her complaint on Defendant for eight months is unclear, and Plaintiff does not offer any timeline of her treatment or reasoning why she decided that April 2025 was the appropriate time to serve Defendant after filing in August 2024.  This case is akin to others where a court has found bad faith.  *See, e.g.*, *Heller*, 2016 WL 1170891, at *3 (explaining that courts have found bad faith where plaintiff engaged in "strategic gamesmanship," but have remanded where plaintiffs were diligent in efforts to effect service); *see also id.* (finding bad faith where plaintiff never served written discovery on defendant and provided inconsistent explanations as to why defendant was not dismissed earlier in proceedings).

Second, Plaintiff's explanation as to her delay in responding to discovery is likewise unpersuasive.  Though Defendant granted Plaintiff an extension, that extension was to June 20, 2025—had Plaintiff provided responses within the extended deadline, Defendant would have retained the opportunity to remove within one year of the action's commencement.  Instead, Plaintiff responded more than three months after the extended deadline.  Nor can the Court punish Defendant for extending the professional courtesy of an extension.  *Cf. Heh v. Cnty. of L.A.*, No. CV 19-4258-DMG (PLAx), 2020 WL 2240072, at *2 (C.D. Cal. Feb. 13, 2020) ("It would create perverse incentives to allow Defendant to ask Plaintiff's counsel to extend the professional courtesy of an informal discovery extension and then use the extension against Plaintiff . . . .").  The Court is especially wary of punishing Defendant for granting an extension that did not exceed the one-year removal deadline.  Lastly, Plaintiff's counsel's explanation that "he had difficulty reaching the plaintiff so the process took longer than normal," and that he "served the responses as quickly as possible," *Second Dollison Decl.* ¶ 7, cannot excuse a five-month delay in responding to Defendant's discovery requests.  The Court cannot reward Plaintiff for refusing to engage in her own case.  *Cf. Innovation Ventures LLC v. Hoodiamax USA*, No. CV 09-5426 AHM (SHx), 2010 WL 3171318, at *3 (C.D. Cal. Aug. 9, 2010) ("Mr. McCabe should not be permitted to benefit from his refusal to participate in this action.").

Nor does Plaintiff's authority save her.  In *Villena v. Bloomingdale's, LLC*, the defendant argued that the plaintiff's amended complaint failed to put it on notice of removability because the complaint "was unverified," but "neither § 1446(b)(3) nor Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10274-MWC-JC                                                            Date: January 5, 2026

Title:  Jeanneth Franco v. Costco Wholesale Corporation *et al.*

Circuit precedent requires a document to be verified before it can be accepted as providing notice of removability."  *See* No. 25-cv-0699-BAS-AHG, 2025 WL 2119228, at *3 (S.D. Cal. July 29, 2025).  Likewise, the *Villena* defendant failed to remove the case within 30 days of receiving service of a paper showing removability.  *See id.* at *5.  By contrast, Defendant here removed on October 24, 2025, after receiving service of an "other paper" showing removability on October 7, 2025.  *See Opp.* 3; *NOR* ¶ 8.  And the *Villena* defendant had not removed within one year of the action's commencement, but the defendant did not argue that the plaintiff acted in bad faith.  *See Villena*, 2025 WL 2119228, at *6.

*Ezaki v. United Parcel Service, Inc.* is likewise unpersuasive.  *See* No. CV 08–08087 DDP (RZx), 2009 WL 10671389 (C.D. Cal. Mar. 9, 2009).  That case recounted that *Harris v. Bankers Life and Casualty Co.* "found that a defendant had no duty to investigate whether there could possibly be a basis for removal when the pleading does not disclose one."  *Ezaki*, 2009 WL 10671389, at *6; *see also id.* at *5 (noting that *Harris* required that only a pleading or other paper provide notice of removability).  By contrast, Plaintiff relies on Defendant's documents—documents which Plaintiff had not served on Defendant—as putting Defendant on notice of Plaintiff's domicile.  *See generally Mot.*  Because Plaintiff did not serve a document showing Plaintiff's citizenship until October 7, 2025, that date was when the 30-day removal clock commenced.

To be sure, "'the requirement that a party acts in bad faith [to prevent remand] sets a high threshold.'"  *Lloyd's Material Supply Co. v. Lloyd's Equipment, Inc.*, No. CV 17-5251 PA (PLAx), 2017 WL 11634521, at *4 (C.D. Cal. July 26, 2017) (quoting *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014)).  But where Plaintiff's explanations do not adequately account for such severe delays in serving Defendant and responding to discovery requests, the Court cannot characterize Plaintiff's actions as constituting good faith.

Accordingly, the Court deems Plaintiff to have engaged in strategic gamesmanship in an attempt to prevent removal.  *See Weber v. Ritz-Carlton Hotel Co., L.L.C.*, No. 4:18-cv-03351-KAW, 2018 WL 4491210, at *3 (N.D. Cal. Sept. 19, 2018) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-10274-MWC-JC                                              Date: January 5, 2026

Title:   Jeanneth Franco v. Costco Wholesale Corporation *et al.*

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. The January 9, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**

:
**Initials of Preparer**   TJ